IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| MICHAEL D. O'GUIN, | ) |
| Petitioner, | ) ) ) |
| v. | ) NO. 1:05-0025 |
| | ) JUDGE HAYNES |
| KEVIN MYERS, Warden, | ) ) |
| Respondent. | ) |

## MEMORANDUM

Petitioner, Michael D. O'Guin, filed this action under 28 U.S.C. § 2241 et seq. for the writ of habeas corpus to set aside his state court sentence for rape of a child, for which Petitioner's sentence is 15 years. Respondent filed a motion to dismiss (Docket Entry No. 3), but the Court denied that motion with leave to renew and appointed the Federal Public Defender to represent Petitioner. (Docket Entry No. 5). The Order also provided for the filing of an amended petition within 45 days. Id. Upon his motion, the Court relieved the Federal Public Defender of his appointment. (Docket Entry Nos. 6 and 7).

Before the Court is the Respondent's renewed motion to dismiss (Docket Entry No. 11), contending, in sum, that under 28 U.S.C. § 2244(d)(1), this petition is untimely for Petitioner's failure to file his petition within one year from the date his state court sentence became final.

### A. Analysis of the Motion

On May 29, 1998, Petitioner pled guilty to one count of child rape. The trial court's judgment incorrectly reflected that Petitioner was sentenced as a range I standard offender with a 30% eligibility for release. On July 8, 1998, the state trial court amended its judgment to reflect that Petitioner was a "Child Rapist." (Docket Entry No. 4 at Addendum No. 2). According to

Respondent, Petitioner's sentence became final on August 7, 1998, 30 days after entry of the amended judgment, because Petitioner did not appeal that judgment.

On July 25, 2003, Petitioner filed a petition for writ of habeas corpus in the state court, contending that his judgment was an illegal sentence. Id. at p. 2 On October 18, 2003, the trial court denied relief and Petitioner appealed. The Tennessee Court of Criminal Appeals affirmed the order of dismissal and held that the amended judgment was not void. On February 28, 2005, the Tennessee Supreme Court denied Petitioner's application for permission to appeal. Petitioner filed his petition for writ of habeas corpus in this Court on April 27, 2005.

### B. Conclusions of Law

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") that created a one-year statute of limitations for the filing of federal petitions for the writ of habeas corpus. Under the AEDPA, a state prisoner has one year from the date of his or her state court judgment becomes final or from the effective date of the AEDPA, whichever is later to file federal habeas relief. 28 U.S.C. § 2244(d)(1)(A); Austin v. Mitchell, 200 F.3d 391, 393 (6th Cir. 1999). Yet, the time during which a properly filed state post-conviction application or other state collateral review is pending, tolls one year period. Id. at 393-94.

Absent tolling, Petitioner's limitations period expired on August 8, 1999. To be sure, Petitioner filed a state habeas action in 2003 that concluded in 2005. The Sixth Circuit, however, has held "[t]he tolling provision does not, however, 'revive' the limitations period . . . [and] collateral petitions can no longer serve to avoid a statute of limitations." Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003) (quoting Rashid v. Khulnann, 991 F.Supp. 254, 259 (S.D.N.Y. 1998)).

Given that Petitioner's sentence was not appealed with potential exceptions not pertenent

here, the finality of his judgment arose on August 7, 1998. State v. Peele, 58 .S.W.2d 701, 703 (Tenn. 2001). See Tenn. R. App. P. 4(a) and (c) and Tenn R. Crim. P. 32(f). The one year limitation period in Section 2244(d)(1)(A) expired on August 8, 1999. This petition for writ of habeas corpus that was not filed until April 27, 2005, is untimely and absent evidence to justify tolling, this action is barred as a matter of law.

Accordingly, the Respondent's motion to dismiss should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 9th day of February, 2006.

WILLIAM J. HAYNES, JR.
United States District Judge